This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 30,637**

**ANTONIO MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVEZ COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Francine A. Baca-Chavez, Assistant Attorney General
Albuquerque, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**CASTILLO, Chief Judge.**

In August 2010, Martinez appealed to this Court, arguing that his right to be free from double jeopardy was violated when he was convicted of both attempted second degree murder and shooting at a motor vehicle. [DS 3] In November 2010, this Court issued a memorandum opinion affirming Martinez's convictions based on *State v. Mireles*, 2004-NMCA-100, ¶¶ 29-30, 136 N.M. 337, 98 P.3d 727, and *State v. Gonzales*, 113 N.M. 221, 225, 824 P.2d 1023, 1027 (1992). [Ct. App. File] Martinez petitioned the New Mexico Supreme Court for a writ of certiorari, and the writ was granted in January 2011. [Ct. App. File] In July 2012, our Supreme Court quashed the writ of certiorari and remanded the case to this Court for further consideration in light of *State v. Swick*, 2012-NMSC-018, 279 P.3d 747. [Ct. App. File] On remand, we issued a notice of proposed summary disposition proposing to reverse. The State has responded with a memorandum in opposition that we have duly considered. Because we are not persuaded by the State's memorandum, we reverse.

In our notice of proposed summary disposition, we proposed to conclude that Martinez's conduct was unitary. Accordingly, we proposed to apply *State v. Gutierrez*, 2011-NMSC-024, ¶ 58, 150 N.M. 232, 258 P.3d 1024, which altered the analysis to be employed in determining whether the Legislature intended to permit separate punishments for unitary conduct. Under *Gutierrez*, although a court should

2

still look at the elements of the offenses to see if each statute contains an element that the other does not, this is not the end of the inquiry for determining whether one offense is subsumed by the other. *Id.* ¶¶ 55-56. When a statute is "vague and unspecific," *id.* ¶ 59 (internal quotation marks omitted), a court must determine whether an offense subsumes another by considering the State's legal theory of the crimes, *id.* ¶ 58. If an offense subsumes another, the statutes are the same for double jeopardy purposes and the defendant cannot be convicted of both. *Id.* ¶ 56. *Swick* held that attempted murder is "vague and unspecific" for purposes of a double jeopardy analysis since many forms of conduct can support the element of beginning to do an act that constitutes a substantial part of murder. 2012-NMSC-018, ¶ 25.

Applying *Gutierrez* and *Swick*, we proposed to hold that Martinez's convictions for both attempted murder and shooting at a motor vehicle violated double jeopardy. Martinez fired a single shot at the victim in his car, and this shot constituted the underlying conduct supporting both the charge of shooting at a motor vehicle and the charge of attempted murder. Accordingly, we proposed to conclude that the conduct underlying the charges was unitary and that the elements of attempted murder subsumed the elements of shooting at a motor vehicle.

In the State's memorandum in opposition, it concedes that Martinez's conduct was unitary. [MIO 7] It also acknowledges that *Swick* mandates that we apply

*Gutierrez*'s modified test for determining legislative intent in this case. [MIO 8-9] Nevertheless, rather than simply applying *Gutierrez* and *Swick* to determine whether, under the State's theory of the case, the offense of shooting at a motor vehicle is subsumed by the offense of attempted murder, the State asks this Court to engage in the analysis and then to go further to look at other indicia of legislative intent. As the State's proposed analysis is contrary to *Gutierrez* and *Swick*, we decline to apply it. Under *Gutierrez* and *Swick*, the fact that one offense was subsumed within the other under the State's theory of the case renders conviction of both a double jeopardy violation.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we reverse. We remand to permit Martinez to withdraw his plea, or, if the State agrees, for the district court to vacate his sentence for shooting at a motor vehicle. *See State v. Handa*, 120 N.M. 38, 46, 897 P.2d 225, 233 (Ct. App. 1995) (holding that when a defendant has been convicted pursuant to a plea agreement of a crime in violation of his double jeopardy rights, he is permitted to withdraw his plea, unless, in the state's discretion, it agrees to vacate the improper conviction).

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

4

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**